UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NADIA BAZZI,

          Plaintiff,

v.

YP ADVERTISING & PUBLISHING,
LLC,

          Defendant.

_____/

Case No. 15-10741

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER
[22] AND DENYING AS MOOT PLAINTIFF'S MOTION TO STAY [23]

Plaintiff is suing Defendant for employment discrimination. At her

deposition on December 11, 2014, she disclosed, for the first time, the existence of

handwritten notes concerning the subject matter of her claims and a USB drive

onto which she had downloaded documents from one of Defendant's computers

during her employment. Although Plaintiff was willing to allow Defendant to

copy the documents from the USB drive, she refused to allow forensic imaging of

the USB drive (for the purpose of preserving metadata) or the reopening of her

deposition for questioning concerning her notes and downloading activity.

1 of 6

On December 31, 2015, Defendant filed a Motion to Compel [Dkt. #14].

Plaintiff filed a Response [17] on January 14, 2016.  Defendant filed a Reply [18]

on January 21, 2016.  The parties filed a Statement of Resolved and Unresolved

Issues [19] on January 22, 2016.  The Magistrate Judge held a hearing on the

motion on January 26, 2016.[1]  At the conclusion of the hearing, the Magistrate

Judge granted the motion and directed the parties to submit a stipulated proposed

order memorializing his ruling.  After the parties did so, the Magistrate Judge

issued the Order Granting Defendant's Motion to Compel [21] on January 27,

2016.  Pursuant to the Order, the forensic imaging will take place—at Defendant's

expense, and by a third party the parties have agreed on—no later than February 5,

2016.  Plaintiff's reopened deposition will take place after the forensic imaging but

no later than March 1, 2016.

On February 1, 2016, Plaintiff filed an Objection [22] to the Magistrate

Judge's Order and a Motion to Stay the Magistrate Judge's Order Pending Review

of the Objection [23].  Defendant filed a Response to the Motion to Stay [24] on

February 2, 2016.

A district court may set aside a magistrate judge's order on a nondispositive

pretrial matter if it is clearly erroneous or contrary to law.  *See* 28 U.S.C. §

636(b)(1)(A); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).  As

---

[1] The Court has reviewed an audio recording of the hearing.

explained below, Plaintiff has not shown that the Magistrate Judge's ruling on Defendant's motion to compel is clearly erroneous or contrary to law.  The Court therefore overrules Plaintiff's objection and denies, as moot, his motion to stay the Magistrate Judge's order pending review of his objection.

Plaintiff argues that the Magistrate Judge erred in ordering the disclosure of metadata that is neither relevant nor likely to lead to the discovery of admissible evidence.  The Magistrate Judge reasoned that the metadata may lead to evidence of conduct in violation of company policy that could be relevant to Defendant's after-acquired evidence defense (raised as the fifteenth affirmative defense in Defendant's Answer).  *See, e.g.*, *Jones v. Nissan North America, Inc*., 438 F. App'x 388, 405 (6th Cir. 2011) (recognizing that the Supreme Court has established an after-acquired evidence defense to employment discrimination claims that "generally bars the employee from obtaining front pay and reinstatement, and limits backpay" where the defendant shows that the plaintiff "would have been terminated [even absent discrimination] had the employer known of wrongful conduct by the employee plaintiff") (citing *McKennon v. Nashville Banner Publ'g Co*., 513 U.S. 352, 362 (1995); *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1168 (6th Cir. 1996)).  Plaintiff does not challenge this legal conclusion.  Instead, Plaintiff argues that the Magistrate Judge erred by accepting the possibility of such a defense without insisting that

Defendant produce a written policy under which Plaintiff's copying of Defendant's documents could be considered misconduct. Plaintiff did not raise this issue in the parties' joint statement of unresolved issues. Nevertheless, after Plaintiff's counsel raised it at the hearing, Defendant's counsel stated as follows: "The policy that we've provided do[es] state that all YP-generated documents … including e-mails, files, office systems, equipment, [and] materials owned by YP are considered sole property of the company and as such may not be copied or removed from the premises unless such items are to be used for company business." Plaintiff's counsel did not (and does not) dispute that such a policy had been provided or that Plaintiff's copying of Defendant's documents might have been in violation of it. The Court is therefore unconvinced that the Magistrate Judge clearly erred or violated the law by ordering disclosure of the metadata.

Plaintiff also argues that the Magistrate Judge failed to apply Federal Rule of Civil Procedure 26(b)(3)(A)(ii)'s requirement that a requesting party show "that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Plaintiff reasons that since she copied Defendant's documents from one of Defendant's computers, Defendant can obtain the information about Plaintiff's downloading by other means—specifically, by analyzing data on its own computer. Plaintiff does not attempt to explain why this would not impose an undue hardship on Defendant.

More importantly, however, Plaintiff ignores the fact that Rule 26(b)(3)(A)(ii)'s requirement applies only when a party requests "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." The requested metadata does not fall within this category.

Plaintiff also argues that the Magistrate Judge erred by ordering the reopening of her deposition, since Defendant failed to adequately explain why it could not have examined Plaintiff regarding her handwritten notes in the time allotted for the original deposition. However, Plaintiff failed to disclose the existence of the notes to Defendant prior to the original deposition. The Magistrate Judge reasonably concluded that, given the volume of notes, Defendant's counsel could not realistically review them and conduct a competent examination within the time allotted for the original deposition.

Finally, Plaintiff argues that the Magistrate Judge failed to properly consider Defendant's alleged delaying tactics. Plaintiff notes that Defendant deposed her five months after it received Plaintiff's responses to Defendant's discovery requests, characterizing Defendant's failure to depose her earlier as "improperly delay[ing] her deposition until the end of discovery." But the Magistrate Judge correctly noted that Defendant took Plaintiff's deposition within the time provided by the Court's scheduling order, as it had a right to do. Plaintiff also faults Defendant for failing to file a motion challenging Plaintiff's responses to ninety-

nine requests for production.  However, Defendant challenged Plaintiff's failure to disclose the existence of the USB and handwritten notes soon after it became aware of their existence.  Plaintiff has not shown improper delaying tactics on Defendant's part, let alone a failure by the Magistrate Judge to properly consider such tactics.

In sum, Plaintiff has not convinced the Court that the Magistrate Judge's Order Granting Defendant's Motion to Compel [21] is clearly erroneous or contrary to law.  Accordingly,

**IT IS ORDERED** that Plaintiff's Objection [22] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Magistrate Judge's Order Pending Review of Objection [23] is **DENIED AS MOOT**.

**SO ORDERED**.


                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated: February 3, 2016                 Senior United States District Judge